THE STATE OF IOWA, Appellee, v. JEROME W. HOOT, Appellant

Assault With Intent to Commit Murder: WHEN SPECIAL INSTRUC-
1   TION NOT REQUIRED. On a prosecution for having sent a box containing explosives for another to open, with intent to commit murder, and the jury are told in various instructions that a finding that defendant was in fact the person who sent the box was essential to conviction, it is not necessary, in the absence of a request, to devote a special instruction to that subject.

Criminal Intent. A husband who sends a box containing explos-
2   ives to the home of his wife, but addressed to himself, with the expectation that she will receive and open the same and that her death will result, is guilty of assault with intent to commit murder, and the contention that it cannot be presumed that he contemplates that she will, without authority open the box, the same being addressed to himself and hence no basis on which to predicate a criminal intent, is without merit.

Same:   EVIDENCE. In a prosecution for assault with intent to
3   commit murder, a specific intent to kill must be proven. Evidence in the case considered and held to show such intent.

Same. On a prosecution for assault with intent to commit
4   murder, the inquiry is "was the defendant inspired by a criminal purpose and intent to make an assault, and did he adopt and put into execution a plan designed to effectuate his purpose and intent" and it is immaterial that in the execution of his plan, acts were done unauthorized by the general laws relating to business affairs.

Included Offenses: INSTRUCTION: EVIDENCE. Where the facts in a case are such that defendant must be guilty or not guilty of the offense charged, failure to instruct with respect to included offenses is not error. Evidence considered and held to show no included offense.

*Appeal· from Blackhawk District Court.*—HON. A. S. BLAIR, Judge.

SATURDAY, APRIL 11, 1903.

THE indictment charges the defendant with an assault with intent to commit murder. He was tried, convicted and sentenced to the penitentiary for a term of ten years. From the judgment he appeals.—*Affirmed.*

*C. E. Pickett* for appellant.

*C. A. Van Vleck,* Assistant Attorney General, *S. B. Reed* and *Courtright & Arbuckle,* for the State.

BISHOP, C. J —Defendant and his wife, Nettie Hoot, were married in January, 1899. After living together about a week, they separated, and Mrs. Hoot returned to her home, at No. 337 Argyle street, in the city of Waterloo, this state. In May following, defendant returned to his wife at Waterloo, and together they started to make a trip down the Mississippi river, but it seems another disagreement arose, and within a few days Mrs. Hoot came back to her home in Waterloo. The defendant visited her there on August 10, remaining about an hour. He then went away, and did not return again. On October 30, 1899, a letter, addressed to the defendant at No. 337 Argyle street, Waterloo, was delivered by letter carrier to Mrs. Hoot, who opened and read the same. She testifies that previous to this she had frequently opened letters addressed to her husband, and which had been delivered at her residence, and had then forwarded the same to him, if important. The address upon the envelope, together

with the letter, were apparently written by a woman, and
the letter 'read as follows: "Chicago, Oct. 22, 1899.
Jerome, my dear: You will get all your presents to me
by express today as I will return them. You know why.
Goodby, Tab." The envelope is postmarked "Chicago,
October 28, 1899." On the same day the letter was re-
ceived, an express package was delivered to Mrs. Hoot,
the same being addressed to defendant at the street and
number mentioned. The handwriting of the address
thereon was the same, apparently, as that of the letter
previously received. Mrs. Hoot opened the package, and,
on taking off the · outside paper covering, found a pol-
ished box, on each end of which was a handle. Under-
neath one of such handles there was a drawer, and in it a
small hole, evidently intended for use in pulling the
drawer out. She put her finger in the hole, and pulled
the drawer out a short distance, when there was a a sharp
explosion, followed by smoke emerging from the box.
Such explosion was not sufficiently severe to do any dam-
age, and immediately Mrs. Hoot called in an officer who
took charge of the box. The next day the officer took the
box to a safe location, placed it upon a pile of rock and
exploded it by pulling the drawer out, a long cord at-
tached thereto being used for the purpose. The explosion
was a terrific one. The pile of rock was blown to frag-
ments and scattered in every direction, and the air was
fil ed with debris. No trace of the box could afterwards
be found.

. I. The box in question was sent by express from
Chicago to Waterloo. Appellant complains that the trial
court did not fairly and sufficiently instruct the jury upon
the subject of the identity of the defendant
as the person who sent such box. We have
repeatedly held that it is the right of a de-
fendant, charged with the commission of a crime, to have
the jury properly instructed, and that every essential part

1. WHEN spec-
ial instruc-
tion not re-
quired.

of the case should be covered by the instructions given. *State v. Brainard,* 25 Iowa, 572; *State v. O'Hagan,* 38 Iowa, 504. In the instructions given in this case there is no one that is devoted exclusively to the subject-matter upon which the complaint is based. But even a cursory reading of the instructions discloses that the jury was repeatedly told that a finding that the defendant was in fact the person who sent the box was essential to a conviction. The instructions are framed in clear, simple language, and we think no room was left for speculation or uncertainty. In our view, it was not possible for the jury to go astray upon the proposition of law involved. We do not say it would have been out of place to have devoted a special instruction to the subject indicated, but as defendant did not so request, and as the subject was otherwise fully covered, we do not think any necessity therefor existed. It cannot be said that the question of the identity of the defendant as the person who committed the alleged offense of itself involves such a matter of special defense as to call for special instructions. What we have said above, therefore, in no sense conflicts with anything that is said in *State v. Brainard, supra.*

II. A further matter of complaint has relation to the legal status of defendant and his wife as of the time in question, and the failure of the trial court to instruct with 2. CRIMINAL reference thereto. It is the contention of intent. counsel for appellant, if we correctly interpret his argument, that the facts presented are not sufficient to justify the indictment or warrant a conviction thereunder, and this for the reason that Mrs. Hoot, in receiving and opening the package, acted without right or authority, and, in consequence, was herself a wrongdoer. It is pointed out that the package was plainly addressed to defendant; that there is no evidence in the record tending to show that Mrs. Hoot had any

direct authority to act for or on behalf of her husband in such a matter; and our attention is called to numerous authorities holding that the marital relation, taken by itself, raises no presumption of the relation of principle and agent between husband and wife, and that the wife has absolutely no right to act for the husband, unless authorized so to do, certain matters pertaining to domestic affairs alone excepted. Such is not, in terms, the argument of counsel, but we take it that the conclusion sought to be drawn from the premises stated is that, there being no authority, express or implied, on the part of Mrs. Hoot to open the box in question, and the transmission thereof being in itself a legal act, there is accordingly no basis upon which to predicate criminal intent within the meaning of the law; and this for the reason that it cannot be presumed that defendant contemplated, much less intended, an unauthorized and unlawful interference with the package.

We may concede the premises, but we cannot yield our judgment to the conclusion. No question of abstract right or authority on the part of Mrs. Hoot is involved. The only question necessary or proper for our consideration in this connection is this: Assuming that defendant was the sender of the box in question, does the evidence in the record before us warrant a finding that it was within his contemplation that such box would be delivered to his wife, and that an attempt would be made on her part to open the same? In criminal law it is cardinal doctrine that every man is presumed to intend all the probable consequences of his wilful act. 2 Bishop on Criminal Law, section 665. If, therefore, the act done was followed by a result, probable in itself, and such result was within the contemplation of the defendant at the time the act was done, no other rational conclusion can be reached save that the result contemplated was the result intended. Now, it is manifest to us that the doctrines of the law of agency can

have no application to the case before us.    This is a crim-
inal proceeding, instituted on behalf of the public.    Mrs.
Hoot has no connection therewith save that, being the
particular individual upon whom the assault is said to
have been committed, she is a witness in the case.    What
were the relation between herself and her husband are
material in one sense, and one only; that is, in determin-
ing the question of intent.    If it was within the expecta-
tion of the defendant that his wife would receive and
open the box, and that, as a result thereof, her death
would probably result, the offense against the public
would be complete.    An unauthorized opening of the box,
if such was intended, would support the indictment to all
intents and purposes the same as an authorized opening.
We conclude, therefore, that the contention of counsel in
the respect indicated is without merit.

    III.    It is asserted by counsel for appellant that a
specific intent, alleged and proven, is essential to the
crime charged in the indictment, and that the evidence in
this case wholly fails to disclose any such

3. SAME: evi-
dence.

specific intent.    We readily agree that a
specific intent to kill, and with malice aforethought, is
essential to the crime as charged in this indictment.
*State v. Keasling*, 74 Iowa, 528.    And it is undoubtedly
the rule that, where it is sought to attach criminal respon-
sibility to the commission of an act in itself indifferent,
the intent necessary to give character to the act as a crime
can never be implied; it must be proven and found.    3
Greenleaf on Evidence, section 13; *Roberts v. People*, 19
Mich. 401; *People v. Sweeney*, 55 Mich. 586 (22 N. W.Rep.
50); *U. S. v. Buzzo*, 18 Wall. 125 (21 L. Ed. 812); 8 Am.
& Eng. Ency. of Law, 287.    Such an act becomes unlawful
only when a specific intent to thereby accomplish crime is
shown.    It is manifest that mere proof of the act itself is
insufficient for this purpose.    Now, it is pointed out that
the defendant had the lawful right to purchase dynamite,

and to transport the same from one state to another, and in this we may agree. Therefrom, however, counsel argues that, having performed a lawful act only, and no specific intent to thereby accomplish a crime being shown, a conviction cannot be sustained.

Undoubtedly, counsel has correctly apprehended the rules of law, but his position is fatally weak in that the relevant evidence found in the record of the case is not confined to the mere fact of the sending of the box. There is the letter received by Mrs. Hoot in the morning, which the evidence tends to prove was written by the same person who wrote the address upon the box. It was known to defendant that Mrs. Hoot had been in the habit of opening his letters, and a jury would be warranted in finding that it was expected this one also would be opened by her. Counsel does not proceed to the point of contending that the letter was not sufficient to excite the interest of the woman, and to impel her to open the box upon its arrival. In our opinion, it was well calculated, to say the least, to incite the belief that the box contained articles that had been presented by her husband to some other woman, and were now for some reason being sent back. To open the box under such circumstances might well be found to be the result of a natural impulse.

The evidence warrants a further finding of facts as follows: That during October, 1899, defendant was staying in Omaha, Neb., and while there he procured to be made a box, identical in point of description with the one delivered in Waterloo; that about October 25, 1899, he left Omaha, and went to Des Moines, where he purchased five pounds of dynamite. From Des Moines he went to Chicago. He is identified by several witnesses as the person who sent the box in question by express to Waterloo. When apprehended, he was in New Orleans, living under an assumed name. The strained relations existing between defendant and his wife, together with the facts concerning

her ownership of property and the life insurance carried by her, bear directly upon the question of motive. Now, taking all these facts, and in reason it cannot be said there was an innocent shipment of a quantity of dynamite. To such purpose a handsome, highly polished box was not necessary; a secret device by means of which the inclosed dynamite would certainly be exploded upon the box being ·opened by unsuspecting hands was unusual to an ordinary ·shipment; the making of the box in Omaha, the purchase of the dynamite in Des Moines, and the going to Chicago to express the package to Waterloo; the letter which made an attempt to open the box reasonably certain upon its arrival; the subsequent conduct of defendant—all these are inconsistent in the extreme with any lawful purpose. We think a jury of reasonable men could draw therefrom but one conclusion—that it was intended the box should be opened by Mrs. Hoot, such opening to be attended by an explosion and her certain death.

IV.    It is said by counsel for the appellant—and we think correctly—that to support a conviction, the record must show acts done by the defendant, "intended, adapted, approximating, and such as, in the ordinary and likely course of things, would result in the commission of the particular crime." Counsel further says that the case here made fails to meet the requirement of the rule. It is pointed out that the delivery of the box to Mrs. Hoot and the receipt thereof by her were unlawful acts, and not to be expected in the ordinary and likely course of things. And it is said that in order to sustain a conviction, we must assume that both the express company and Mrs. Hoot would perform unlawful acts. We can readily see that such conclusions may be drawn from the facts. But we are unable to see how the same can be material. Let it be admitted that the delivery by the express company and the receipt and opening of the box by Mrs. Hoot were unauthorized and unlawful acts, yet

4. SAME.

such can avail defendant nothing. If the defendant sent the box expecting, and therefore intending, that such box would be received and opened by her, and that, as a result of such opening, a death-dealing explosion was likely to follow, he cannot escape conviction, because forsooth, in the matters of the unauthorized delivery and the unauthorized opening his expectations and intentions were met and fully realized. The presumptions that obtain in ordinary business transactions have no application, and this must be manifest. Was the defendant inspired by criminal purpose and intent to make an assault, and did he adopt and put into execution a plan designed to effectuate his purpose and intent? Such is the question with which we have to deal. If, upon the facts presented, it is to be answered in the affirmative, then it would amount to a travesty to say that the force thereof could be destroyed, and guilt be changed to innocence, by merely pointing out that in connection with one or more of the agencies employed acts were done which, although expected and intended, were yet unauthorized by the general laws having relation to the conduct of business affairs.

V. The jury was instructed upon the theory that the defendant was either guilty of the specific crime charged in the indictment, or not guilty of any. No reference is

5. INCLUDED offenses: instruction. made to any of the included offenses. It may be conceded that a charge of assault with intent to commit murder includes assault with intent to commit manslaughter (*State v. White*, 45 Iowa, 325); also assault with intent to commit great bodily injury (*State v. Schele*, 52 Iowa, 608); also a simple assault (*State v. Jarvis*, 21 Iowa, 44). It is to be observed that the minor offenses referred to are simply included in the charge of the major offense. They are offenses of the same general class, but lower in order. By section 5407 of the Code it is provided that "the defendant may be found guilty of any offense the commission of which is necessar-

ily included in that with which he is charged in the indictment." Under this section it has been held that where the offense charged is of such a nature that the defendant may properly be convicted of an offense necessarily included in that charge, it is the duty of the court to instruct the jury upon the subject of the included offenses, and a failure to do so will constitute error. But while this is so, it has frequently been held that the statute has no application to those cases where the facts are such that the defendant must be either guilty of the offense as charged, or not guilty. *State v. Sterrett*, 80 Iowa, 609; *State v. Cody*, 94 Iowa, 169; *State v. Beabout*, 100 Iowa, 155; *State v. Cater*, 100 Iowa, 501; *State v. Akin*, 94 Iowa, 50.

We have left therefore the inquiry whether under the circumstances of this case, the defendant could have properly been convicted of any offense less than that charged in the indictment. It seems to us there is room for but one conclusion. If defendant sent the box intending that it should be opened, he could have but one purpose in view, and that was to murder. If he did not send the box with such intent, he is guilty of no offense. The character of the contents of the box was such that an explosion meant certain death to one standing at the time over or near the same. Had an explosion actually followed the acts done by Mrs. Hoot, the offense, if any, would have been murder. Such being the facts, there is no more reason for taking into account included offenses than there would be in the case of one who deliberately puts a death-dealing poison into a cup for another to drink. In such cases there can be but the one purpose, and that is to produce death. If death result, there can be but the one crime, and that is murder. It follows from what we have said that there was no error in failing to instruct the jury upon the subject of included offenses.

We have now given consideration to all the matters concerning which complaint is made by counsel for appel-

lant in his argument, and we find no error.    The defendant was given a fair trial, the facts disclosed by the record warrant his conviction and the severe sentence imposed, and the judgment is AFFIRMED.