No. 14,224.

Lane *v.* The People.
(77 P. [2d] 121)

Decided February 21, 1938.

Mr. De S. De Lappe, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Reid Williams, Assistant, for the people.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Lane, plaintiff in error, was defendant in a trial for assault in the district court of Jefferson county where the case was taken on a change of venue from Arapahoe county. A jury found him guilty of assault and battery, and on the verdict, the court sentenced him to a term of six months in jail. He assigns error to the judgment and reference will be made to him herein as defendant.

Of the many errors assigned, defendant relies mainly upon the refusal of the court to sustain his combined motions to set aside the verdict, grant a new trial, and in arrest of judgment, one of the grounds thereof being in substance, that he was served by the district attorney at the time of arraignment with a copy of an information materially different from the one on file with the court, and upon which practically the entire trial had proceeded before the difference was discovered by him. He asserts that in waiving the reading of the information at time of arraignment, and entering a plea of not guilty, he did so upon the assumption that the copy of the information served upon him shortly theretofore, was a true copy of the one on file with the court, all to his

prejudice. Defendant says also that the court erred in overruling his supplemental motion for a new trial based in part on newly discovered evidence which it is claimed would affect the credibility of the complaining witness.

On February 2, 1937, in the district court of Arapahoe county, the district attorney filed the following information:

"Harry Behm, District Attorney within and for the First Judicial District of the State of Colorado, in the name and by the authority of the People of the State of Colorado, informs the court, that, on the 28th day of January, A. D. 1937, at the said County of Arapahoe, in the state of Colorado.

"Harvey Lane, with a deadly weapon, to-wit, brass knucks, which he the said Harvey Lane then and there had and held, then and there unlawfully, wilfully and maliciously did make an assault on one Harry G. Thomas, with intent to commit a bodily injury upon the person of the said Harry G. Thomas, no considerable provocation then and there showing an abandoned and malignant heart in him, the said Harvey Lane, and at said time and place did beat, strike, wound, and bruise the body of Harry G. Thomas, contrary to the form of the statute in such case made and provided and against the peace and dignity of the People of the State of Colorado."

Arraignment followed immediately, the record showing the following:

"And thereupon the said defendant Harvey Lane is arraigned, and this said information here read to him, and he is required to plead thereunto. Whereupon he answers and saith that he is not guilty in manner and form aforesaid, as in and by this said information he stands charged. And of this he puts himself upon the country, and the District Attorney does the like."

At the very time, and following the arraignment, defendant moved for a change of venue, which was granted, to the district court of Jefferson county where trial was.

had on March 17 and 18, 1937. Defendant contends, and his counsel so testified upon the trial, that on the morning of February 2, just prior to the arraignment, the district attorney handed defendant and his counsel a copy of the information which they understood was being filed. It is further claimed that having such copy, and being familiar with its contents and the charge therein made, counsel for defendant, in defendant's presence at the time of arraignment, waived the reading of the information and entered a plea of not guilty. The copy of the information so served is marked defendant's Exhibit 9, and is in the following words:

"Harry Behm, District Attorney within and for the First Judicial District of the State of Colorado, in the name and by the authority of the said People of the State of Colorado, informs the Court that, on the 28th day of January, A. D. 1937, at the said County of Arapahoe, Harvey Lane, with a deadly weapon, to-wit, brass knucks, which he the said Harvey Lane then and there had and held, then and there unlawfully, wilfully and maliciously did make an assault on one Harry G. Thomas with intent to commit a bodily injury upon the person of said Harry G. Thomas, no considerable provocation then and there appearing for such assault, and the circumstances thereof then and there showing an abandoned and malignant heart in him, the said Harvey Lane, contrary to the form of the statute in such case made and provided and against the peace and dignity of the People of the State of Colorado.

"Harry Behm, District Attorney
"By A. T. Monson, Deputy District Attorney."

It is clear from the wording of this latter copy, that defendant is charged with an aggravated assault and not with a battery. In this particular, it is materially different from the information on file under which defendant was convicted, in that that information charges both an aggravated assault and a battery.

No attack is made upon the information as filed,

and it does not appear that it is open to a successful attack. It charges an assault with a deadly weapon with intent to commit bodily injury and alleges a battery in connection with the assault. While the entire record is not before us, and we are not advised as to the nature of the instructions, it does appear that the court withdrew the charge of assault with a deadly weapon from consideration by the jury, and it is claimed and not contradicted that the court instructed the jury that under the information, it could consider charge of assault and battery. That it did so consider the charge is evident from the verdict. The information as filed included assault and battery because averred. An information charging assault with intent to do bodily harm does not include a battery if such is not charged, but does include a simple assault, as such is necessarily a part of the aggravated assault. It is clear that under the copy of the information alleged to have been furnished defendant, a charge of assault and battery was not laid and the charge of assault with deadly weapon with intent to do great bodily harm, having been withdrawn from the consideration of the jury, defendant could not have been convicted of a higher degree of crime than that of simple assault.

The uncontradicted facts, as they relate to all of the circumstances of the trial, present a novel but interesting situation, and on the whole our only problem on this review is to determine whether or not defendant could have been prejudiced under the circumstances. Substantial justice, if it can be ascertained, must always prevail. A review of the evidence herein discloses an altercation between the complaining witness and the defendant. As to which was the aggressor is in dispute, but we cannot overlook the charge made by the complaining witness that he was assaulted with a deadly weapon, namely, brass knucks. Such an assault if made with intent to do bodily harm, is a high misdemeanor. The complaining witness knew at the time of subscribing to

the information, as well as he knew at any other time, whether or not this charge was true. Under examination upon the witness stand he first testified that defendant struck him with knucks, and then qualified this statement saying, ''I couldn't say it was knucks; I don't know what it was.'' If he did not know what it was at the time of trial, certainly he did not know at the time he verified the information. That a fight ensued in which the complaining witness came out second best, is not disputed. He received a small cut over one eye which a physician testified was in the nature of a ''gouge,'' and defendant testified that it was caused by his thumb nail when he struck at the complaining witness. We are reluctant to believe that the evidence in this case justified the imposition of the maximum penalty of six months in jail; however, the penalty is discretionary with the trial court within the statutory limitations. As stated heretofore, the circumstances of the proceedings are peculiar. Under our statute, in cases of this character the defendant shall, previous to arraignment, be furnished with a copy of the information if he or his counsel make a request therefor. This request must be made prior to a waiver of arraignment or entry of a plea to the charge. A refusal to furnish the copy when so requested constitutes reversible error if exception thereto is properly preserved. Such a request was not made by defendant, and viewed in the light of fairness, and considering the undisputed facts, we cannot penalize him for such failure when he claims that he was furnished with a copy of an information by the district attorney, which he supposed was the one upon which he was to be tried. Assuming the truth of the claim, and it is not denied, defendant should not be prejudiced by his failure to do a useless thing, or for doing the thing that an ordinarily cautious person would have done under the circumstances. The copy of the information, defendant's Exhibit 9, is over the signature of the deputy district attorney.

It clearly is a carbon copy and it is stated thereon in handwriting that the original is verified. It is equally clear that it is not a copy of the original as set out in the record before us. The trial court held defendant to his plea to the information on file because the record disclosed such a plea on the reading of the information. Attached to defendant's motion to correct and amend the record, which the court denied, is the affidavit of one Abbott, the official court reporter who was present at the time of the arraignment. In this affidavit he states that he has searched his shorthand records of the proceedings of that day; that while he finds no notation concerning the proceedings in this particular case, he is certain that the defendant was called to the bar and that his counsel announced that he would waive, and did waive, the reading of the information and that defendant entered a plea of not guilty. Under such circumstances, if defendant did rely upon the copy furnished him, and so relying, prepared for a defense to the charge as made in the copy, such reliance was upon what appeared to be an official act of the district attorney and we are unable to see that he did other than the circumstances justified. A discovery of the variance between the original information on file and the copy furnished and relied upon by defendant was not made until the trial was nearing an end and after much of defendant's evidence was before the jury. Counsel for the people contend that they are unable to see wherein or whereby defendant was prejudiced. Without saying that we see wherein he was prejudiced, we can not with confidence say that such prejudice did not occur. That defendant was taken by surprise at a stage of the proceedings where it would have been difficult for him to change his defense to his benefit, cannot be seriously questioned. He promptly and in apt time called the discrepancy in the copies of the information as filed and served to the attention of the court, and to an adverse ruling on his motion saved his exception. He again presented the

matter to the trial court in the subsequent motions heretofore mentioned and which we believe should have been granted. This being our conclusion, it is unnecessary to discuss other assigned errors.

The judgment is reversed and the cause remanded with directions to grant defendant another trial.

MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE YOUNG concur in the conclusion.

MR. JUSTICE BOUCK and MR. JUSTICE KNOUS dissent.

MR. JUSTICE BOUCK, dissenting.

I cannot concur in the opinion herein calling for a reversal and a new trial. I think the judgment should be affirmed.

The defendant, plaintiff in error here, was convicted by a jury which brought in a verdict of ''guilty of assault and battery.''

The information on file charges that the defendant ''with a deadly weapon, to-wit, brass knucks, which he * * * then and there had and held, then and there unlawfully, wilfully and maliciously did make an assault on one Harry G. Thomas, with intent to commit a bodily injury upon the person of * * * Thomas, no considerable provocation then and there [appearing for such assault, and the circumstances thereof then and there]¹ showing an abandoned and malignant heart in * * * Lane, *and at said time and place did beat, strike, wound, and bruise the body of * * * Thomas,* contrary,'' etc. (Italics are mine.)

This obviously was intended to, and did, charge an assault with intent to commit bodily injury under '35 C. S. A., c. 48, §67, a ''high misdemeanor'' which carries

---

¹The words in brackets appear in the original information, but were inadvertently omitted from the copy in the record herein. See the Attorney General's "petition to amend the transcript of the record," filed in this court March 4, 1938, and consented to by defendant.

a penalty of not more than one year's imprisonment in the county jail and a fine not exceeding $2,000.

The defendant complains that a copy of the information served upon him is not a correct copy of the original, that the discrepancy was not discovered by him and his counsel until the trial was well under way, and that he was prejudiced thereby.

In the record filed in this court we find a copy alleged to be the one given to Lane. It is exactly like the original above quoted except that the italicized portion in the latter is omitted from the copy. In other words, this alleged copy does not contain the language charging an assault and battery.

The record of the district court recites that the information was read to the defendant, and that he then pleaded not guilty. The defendant, in connection with his motion in the court below to correct the record, there introduced evidence to the effect that the district attorney began to read, that counsel then declared the defendant waived the reading of the information, and entered the not guilty plea. The trial court considered the evidence pro and con, and ruled against the defendant. This would seem to be binding upon our court as a decision of disputed fact by the trial court on conflicting evidence.

However, whether the copy was or was not defective as claimed, and whether or not the information was read to the defendant, I think the defendant could not possibly have suffered any prejudice. He does not disclose or hint how he could have been injured. Nothing more than a misdemeanor was involved in the case at any time. Service of a copy of the information in a misdemeanor case is not required until a request is made by the defendant. '35 C. S. A., c. 48, §452.

Assault is defined in '35 C. S. A., c. 48, §66, and assault and battery is defined in §68 thereof. The penalty for the one and the penalty for the other are exactly the same, namely, imprisonment in the county jail for not

more than six months or a fine not exceeding $100. Id. §68. It is admitted that under either the original information as filed or under the wording employed in the incomplete copy the jury could find the defendant guilty of assault. Our attention is not called to any error in the admission of evidence. In a trial on an assault charge, evidence is of course admissible as to a resultant beating. Even assuming, but not deciding, that it was irregular to charge an assault and battery in an information intended to charge an assault with intent to do bodily injury, and that the information could cover only such aggravated assault and a simple assault, but not assault and battery, I submit that, since an assault is invariably included within an assault and battery, and since the penalty for each is exactly the same in Colorado, the words "and battery" should be considered as harmless surplusage.

Neither the instructions given nor any instructions tendered by the defendant and refused by the trial court have been brought up by the defendant. The instructions given to the jury may have submitted the question of defendant's guilt or innocence of assault and battery. If so, and if the defendant did not object, he certainly could not now, under the facts and under the law of assault and of assault and battery in this state, charge error thereon. The instructions not being before us, and there being no evidence whatever of prejudice, this court should conclusively presume that no prejudicial error has been committed. The evidence is amply sufficient to have supported a charge of assault and battery, and therefore is amply sufficient to support the included charge of assault. To nullify the trial and conviction under the circumstances here appearing is equivalent to indulging in an unauthorized presumption against the regularity and validity of the trial court's proceedings. This court cannot lawfully relieve a plaintiff in error of his burden of affirmatively showing both error and prejudice. The defendant here has shown neither.

So far as one can judge by any record that comes to an appellate court, the defendant here has had a fair and impartial trial. I regret that, in a day when the legal profession at large, as well as courts throughout the land, are striving to eliminate technicalities from criminal prosecution, this court appears to stand for the older and less satisfactory system.

The judgment should be affirmed.

For the reasons stated, I respectfully dissent.

MR. JUSTICE KNOUS concurs in this opinion.