## No. 24526

## George Sims, Jr. v. The People of the State of Colorado
(493 P.2d 365)

Decided February 7, 1972.

Cole, Murphy, Herbert, Hecox, Tolley & Edwards, Gerald G. Tolley, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, James W. Creamer, Jr., Special Assistant, David A. Sorenson, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

■ Defendant Sims was convicted of assault with a deadly weapon. His only ground for reversal on this writ of error is that the trial court erred in refusing to submit defendant's tendered instruction on simple assault as a lesser included offense to the jury. This contention by the defendant is without merit and therefore we affirm the judgment of the trial court.

C.R.S. 1963, 40-2-33 defines assault as an unlawful attempt coupled with a present ability to commit a violent injury on the person of another. C.R.S. 1963, 40-2-34 states that an assault with a deadly weapon is a felony and involves "an intent to commit upon the person of another a bodily injury where no considerable provocation appears or where the circumstances of the assault show an abandoned and malignant heart,. . . ." Simple assault is a misdemeanor, C.R.S. 1963, 40-2-35. It has been defined as an assault ". . . committed with no intention to do any other injury. An offer or attempt to do bodily harm which falls short of an actual battery;. . . ." *Black's Law Dictionary,* (4th ed.).

■ It is the law in this and other jurisdictions that in some circumstances where the evidence clearly justifies it, simple assault may be considered as a lesser included offense of an aggravated assault, such as, assault with a deadly weapon or assault with intent to commit murder, and an instruction thereon is proper. *Watts v. People,* 159 Colo. 347, 411 P.2d 335; *Duran v. People,* 147 Colo. 491, 364 P.2d 206; *Barnhisel v. People,* 141 Colo. 243, 347 P.2d 915; *Lane v.*

*People,* 102 Colo. 83, 77 P.2d 121; *People v. Hopper,* 69 Colo. 124, 169 P. 152; 6 Am. Jur. 2d *Assault and Battery* § 58. However, in those cases where the defendant must either be guilty of the offense charged or not guilty of any offense, it is error to submit to the jury an instruction on simple assault as a lesser included offense. *Watts v. People, supra; Plain v. State,* 60 Ga. 284; *State v. Lynn,* 184 S.W. 2d 760 (Mo. App.); *State v. Hoot,* 120 Iowa 238, 94 N.W. 564; *Hickey v. United States,* 168 F. 536 (9th Cir. 1909); 6 Am. Jur. 2d *Assault and Battery* § § 57, 58.

The evidence is not in conflict that the defendant assaulted one Lewis with a .38 calibre revolver. The defendant admitted this in his testimony, and then attempted to ground his defense on self-defense or provocation. The defendant and Lewis engaged in an argument at a party. Defendant concluded the argument when he fired his pistol at Lewis five times. The first bullet went into the wall above Lewis' shoulder; the second and third entered the floor at Lewis' feet; and the fourth and fifth hit Lewis. There is testimony that after Lewis fell, the defendant stood over him and attempted to fire further shots, but, fortunately, all the cartridges in the weapon were apparently discharged. There is also testimony that the defendant warned Lewis repeatedly not to advance toward him any further, although there is conflict as to whether Lewis was indeed advancing at all. The defendant testified that Lewis pulled a knife on him before he pulled his gun on Lewis. The testimony of the other witnesses on this point is conflicting. It is apparent that the jury, adequately instructed on the elements of the crimes charged and on the defenses interposed, chose to believe the People's evidence.

■ Considering the facts of this case in the light of the definitions and principles of law set forth previously in this opinion, it is our view that the defendant was either guilty of assault with intent to inflict bodily injury (a felony) or was not guilty of any offense at all. There is no basis for an instruction on simple assault. The defendant used a gun to commit an assault and a battery and a bodily injury was

inflicted. The jury obviously concluded that he had the specific intent to shoot or kill Lewis when he fired. If the jury had concluded that Sims was in fact acting in self-defense, or was sufficiently provoked, it would have been warranted in finding Sims not guilty of anything.

Judgment affirmed.

MR. JUSTICE GROVES, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.