**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JASON GREER,

    Defendant-Appellee.

No. 02-1544

(D. Colorado)

(D.C. No. 02-CR-184-B)

**ORDER AND JUDGMENT** [*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

Jason Greer was convicted following a guilty plea of one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). The district court sentenced him to 188 months' imprisonment, followed by a five-year term of supervised release.

Mr. Greer now appeals his conviction and sentence. His counsel has filed a brief pursuant Anders v. California, 386 U.S. 738 (1967), asserting that there are

---

[*] This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

no meritorious issues for appellate review.  Mr. Greer's counsel has also moved to withdraw from the case.  Mr. Greer himself has not filed a pro se brief, and the government has not filed a response brief.   Upon review of the record, we agree with Mr. Greer's counsel's assessment of the case and therefore grant his motion to withdraw and dismiss this appeal.    [1]

# I.  BACKGROUND

At sentencing, Mr. Greer requested to withdraw his guilty plea for three reasons.  First, he stated that he was under the impression that the court of appeals, and not the district court, would consider his challenges to the application of the career offender provisions of the United States Sentencing Guidelines.  Second, he noted that his co-defendants had received lighter sentences than the one that the government had proposed.  Third, he asserted that the only evidence of his commission of the bank robbery at issue came from the testimony of co-defendants who had entered into plea agreements with the government.  The district court denied the motion to withdraw the guilty plea.

---

[1]  After examining the briefs and appellate record, this panel has determined unanimously to grant Mr. Greer's counsel's request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The court then applied the career offender provision of the United States Sentencing Guidelines, USSG § 4B1.1, to conclude that Mr. Greer was a career offender. The court relied on the following prior convictions: (1) a 1996 conviction for second-degree assault; (2) a 1991 conviction for escape; (3) a 1991 second-degree burglary conviction; and (4) two 1991 third-degree assault convictions.

## II. DISCUSSION

Under Anders, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." Upon receiving an Anders brief, this court "proceeds after a full examination of all the proceedings, to decide whether the case is wholly frivolous." Id. Upon review of the record and the applicable law, we agree with Mr. Greer's counsel that Mr. Greer's challenges to the district court's acceptance of his guilty plea and its application of the career offender provisions of the Guidelines are both frivolous.

As to the first issue, we note that in determining whether a district court has erred in denying a defendant's motion to withdraw a guilty plea, this court

considers the following factors: "(1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources." United States v. Siedlik, 231 F.3d 744, 749 (10th Cir. 2000) (listing factors). It is the defendant's burden to demonstrate to the district court a fair and just reason for the withdrawal of the plea. United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993).

We review the district court's denial of a motion to withdraw the plea for an abuse of discretion. United States v. Jones, 168 F.3d 1217, 1219 (10th Cir. 1999). In light of these factors, we conclude that the district court did not abuse its discretion in denying Mr. Greer's motion.

Most importantly, our review of the plea proceedings indicates that Mr. Greer's guilty plea was knowing and voluntary. Mr. Greer entered into a written plea agreement with the government in which he agreed that there was no dispute as to the material elements that established a factual basis for the conviction. Rec. doc. 41, at 2 (Plea Agreement, signed Aug. 30, 2002). He indicated that his decision to plead guilty was "made after full and careful thought, with the advice

of my attorney, and with full understanding of my rights, the facts and circumstances of the case, and the potential consequences of my plea." Rec. doc. 42, at 6 (Statement by Defendant in Advance of Plea of Guilty). Before accepting Mr. Greer's guilty plea, the district court conducted a hearing at which Mr. Greer stated that he was pleading guilty of his own free will, that he understood the charges against him, and that, other than the promises set forth in the plea agreement, no one else had promised him anything that caused him to plead guilty. Rec. vol. 6, at 15 (Tr. of Change of Sept. 3, 2002 Change of Plea Proceeding). The considerations that Mr. Greer invoked in seeking to withdraw his guilty plea—the sentences of co-defendants, the government's reliance on the testimony of accomplices, and Mr. Greer's apparent misunderstanding of the roles of trial and appellate courts—do not undermine the conclusion that his plea was knowing and voluntary. Moreover, Mr. Greer has never asserted his innocence.

As to the career offender provisions of the Guidelines, the record establishes that Mr. Greer had at least two prior convictions that qualified as crimes of violence under USSG § 4B1.2. Under § 4B1.2, a crime of violence includes "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has an element of the use, attempted use, or threatened use of physical force against the person of another or . . . otherwise

involves the conduct that presents a serious potential risk of physical injury." USSG § 4B1.2(a)(1).

Mr. Greer's 1996 Colorado conviction for felony second-degree assault constitutes a crime of violence under this definition. See Colo Rev. Stat. § 18-3-203(1)(g) (defining second-degree assault to include "caus[ing] serious bodily injury to . . . another" "[w]ith intent to cause bodily injury"); cf. United States v. Dorsey, 174 F.3d 331, 332 (3rd Cir. 1999) (concluding that simple assault under Pennsylvania law is a crime of violence under USSG § 4B1.2). Mr. Greer's 1991 escape conviction is also a crime of violence under § 4B1.1. United States v. Springfield, 196 F.3d 1180, 1185 (10th Cir. 1999) ("Under the [Armed Career Criminal Act, 18 U.S.C. § 924(e)] and the United States Sentencing Guidelines, escape is always a violent crime. It is irrelevant whether the escape actually involved any violence or whether defendant was convicted under a state statute that defines escape as a nonviolent offense."); United States v. Gosling, 39 F.3d 1140, 1142-43 (10th Cir.1994) (holding that a state escape conviction qualified as a crime of violence under USSG § 4B1.2 because escape "by its nature involves conduct that presents a serious potential risk of physical injury to another, and thus is properly characterized as a 'crime of violence' under § 4B1.2(1)(ii)"). Accordingly, there is no legal or factual basis for a challenge to the district

court's application of the career offender provision of the Guidelines to Mr. Greer.

### III.  CONCLUSION

Accordingly, we GRANT Mr. Greer's counsel's motion to withdraw and DISMISS this appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge