**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 25 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM ROBERT MILLER,

Defendant-Appellant.

No. 03-1352

District of Colo.

(D.C. No. 03-CR-120-B)

**ORDER & JUDGMENT** *

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges.

Submitted on the briefs **

Defendant-Appellant William Robert Miller appeals the sentence he

received for possession of a firearm by a previously convicted felon, in violation

of 18 U.S.C. § 922(g)(1) (2000). Specifically, he appeals the district court's

determination that his prior conviction under Colorado law for third-degree

---

*This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th
Cir. R. 34.1(g). The case is therefore ordered submitted without oral argument.

assault constituted a prior conviction for a "crime of violence" within the meaning of the United States Sentencing Commission, *Guidelines Manual* § 4B1.2 (Nov. 2003) ("USSG" or "Guidelines"). The district court's holding on this issue resulted in a base offense level of 20 under USSG § 2K2.1(a)(4)(A) and a sentence of 77 months imprisonment. We exercise jurisdiction under 28 U.S.C. § 1291 (2000) and 18 U.S.C. § 3742(a) (2000) and AFFIRM.

## I. Background

In March 2000, Miller was charged with third-degree assault in Colorado courts under Colo. Rev. Stat. § 18-3-204 (1999). The Summons and Complaint served against Miller in that case stated that he "punched victim in the jaw causing pain and injury." Miller pled guilty to this charge in October 2000. The guilty plea he signed declared,

> **ASSAULT IN THE THIRD DEGREE** C.R.S. 18-3-204 (M-1)
>
> Elements: The Defendant, in El Paso/Teller County, Colorado, at or about the date and place charged, knowingly or recklessly caused bodily injury to another person. Penalties: 6 to 24 months in the County Jail and/or a fine of $500 to $5000. Court Costs: $<u>138</u> and surcharge on the fine.

Although the guilty plea did not repeat the facts alleged in the Summons and Complaint, it did state, "The facts as they occurred at or about the time listed in the charge would support a conclusion by Court or Jury that all of the elements have been proved beyond a reasonable doubt." Miller was sentenced to twelve

months probation and ordered to complete alcohol education and anger management classes.

Three years later, on March 25, 2003, Miller was indicted in federal court on the current charges. The indictment charged him with two counts of possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1), and three counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (2000).

Miller pled guilty to two counts—one count of possession of a firearm by a previously convicted felon and one count of possession with intent to distribute methamphetamine. In exchange for his plea, the government dismissed the other counts of the indictment and agreed to file a motion requesting a three point reduction in the offense level for acceptance of responsibility.

The parties stipulated in the plea agreement that sentencing would "be determined by application of the sentencing guidelines." They estimated the guideline computation to produce a base offense level of 14 for the firearm charge. However, the plea agreement did not mention Miller's prior state court conviction.

The Presentence Investigation Report ("PSR") prepared on June 20, 2003, relied on Miller's state conviction for third-degree assault to recommend a base offense level of 20 for the firearm charge. The PSR concluded that the state

conviction constituted a "crime of violence" under USSG § 4B1.2, thus creating a base offense level of 20 under USSG § 2K2.1(a)(4)(A) (setting a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence").

Prior to sentencing, Miller filed objections to the PSR's characterization of his prior conviction. The district court rejected Miller's contention, finding his prior conviction constituted a crime of violence because (1) the Colorado statute at issue unambiguously incorporated the use of physical force as an element and (2) the guilty plea document reflected that Miller pled guilty to the facts charged, which included the charge that he punched the victim in the jaw. The district court also noted that the order for Miller to take anger management classes corroborated his plea of guilty to punching another person.

Accordingly, on August 6, 2003, the district court sentenced Miller to a term of 77 months imprisonment as to both counts of the indictment, to be served concurrently, followed by a term of three years supervised released. The district court entered its judgment on August 11, 2003, and Miller filed a timely notice of appeal on August 14, 2003.

On appeal Miller argues that his conviction for third degree assault in state court was not a conviction for a crime of violence under USSG § 4B1.2.

## II. Discussion

We review whether a state statute defines a "crime of violence" under USSG § 4B1.2 de novo. *United States v. Vigil*, 334 F.3d 1215, 1218 (10th Cir. 2003) (citing *United States v. Riggans*, 254 F.3d 1200, 1203 (10th Cir. 2001); *United States v. Spring*, 80 F.3d 1450, 1463 (10th Cir. 1996)).

Section 4B1.2(a) of the Guidelines defines a crime of violence as

> . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents serious potential risk of physical injury to another.

Our task is to determine whether the crime for which Miller was convicted under Colorado law (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" under § 4B1.2(a)(1) or (2) "otherwise involves conduct that presents a serious potential risk of physical injury to another" under § 4B1.2(a)(2). The district court and the parties focused on whether Miller's previous conviction was for a crime that involved "the use, attempted use, or threatened use of physical force," as required by § 4B1.2(a)(1), but we conclude that the offense is a crime of violence under either prong.

To determine whether a prior offense is a crime of violence under § 4B1.2,

"we first look to the statutory basis of conviction." *United States v. Farnsworth*, 92 F.3d 1001, 1008 (10th Cir. 1996). The state statute at issue, Colo. Rev. Stat. § 18-3-204, provides, "A person commits the crime of assault in the third degree if he knowingly and recklessly causes bodily injury to another person or with criminal negligence he causes bodily injury to another person by means of a deadly weapon." Miller contends his conviction under this statute cannot be a crime of violence under § 4B1.2(a)(1) because the state statute does not require as an element the use of force to cause injury to another. The government argues that the use of force is an inherent element of the state statute.

Under Colorado law it is clear that assault involves "the use, attempted use, or threatened use of physical force." USSG § 4B1.2(a)(1). The notes to the statute under which Miller was convicted cited *Sims v. Colorado*, 493 P.2d 365 (Colo. 1972), for the proposition that assault includes "an unlawful attempt coupled with a present ability to commit a violent injury on the person of another." *Id*. at 366. A violent injury by its nature involves the use of force. *Cf. United States v. Nason*, 269 F.3d 10, 12, 20 (1st Cir. 2001) (state assault statute, which prohibited "intentionally, knowingly, or recklessly caus[ing] bodily injury or offensive physical contact to another" contained inherent element of force because "offensive physical contacts with another person's body categorically involve the use of physical force"); *United States v. Ceron-Sanchez*, 222 F.3d

-6-

1169, 1172–73 (9th Cir. 2000) (statute criminalizing recklessly causing physical injury by use of a deadly weapon contained an element of force so as to constitute a "crime of violence" under 18 U.S.C. § 16(a)). *See generally* 6A C.J.S. *Assault* § 2 (2003) (defining assault as an "intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as create a well founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented"). *But see Chrzanoski v. Ashcroft*, 327 F.3d 188, 193 (2d Cir. 2003) ("use of force" is not an inherent element of state assault statute when the statute "requires the state to prove that the defendant had intentionally caused physical injury" but does not require the state to prove force was used to cause the injury). We have been unable to find a single Colorado case that has found a defendant guilty of third-degree assault under the above statute when a defendant has not used, attempted to use, or threatened to use physical force against another person.

Our finding comports with a recent, unpublished order of this Court holding that a conviction for second-degree assault under Colorado law constitutes a crime of violence under § 4B1.2(a)(1). *See United States v. Greer*, 85 Fed. Appx. 181, No. 02-1544, 2004 WL 49841, at *2 (10th Cir. Jan. 12, 2004). A person violates Colorado's second-degree assault statute if "[w]ith intent to cause bodily injury to another person, he causes serious bodily injury to that person or

another." Colo. Rev. Stat. § 18-3-203(1)(g) (second-degree assault statute). In *Greer*, we found that this crime encompassed the requisite use of force contemplated by the Guidelines, even though it did not expressly include as an element the use of force to cause the injury. 2004 WL 49841, at *2. Likewise, the third-degree assault statute at issue in this case encompasses the use of force.

Furthermore, Miller's conduct clearly involved "serious potential risk of physical injury to another," as required by § 4B1.2(a)(2). "Risk is by definition probable not certain; hence potential rather than actual." *Vigil*, 334 F.3d at 1223 (quoting *United States v. Shannon*, 110 F.3d 382, 385 (7th Cir. 1997)). Assault by its very nature involves a risk of injury to the victim. *See* 6A C.J.S. *Assault* § 2, *supra*. Thus, we conclude that the district court properly determined that Miller committed a crime of violence under the Guidelines.

In any event, the acts charged in the Summons and Complaint and to which Miller pled guilty clearly demonstrated that Miller's prior conviction was for an act of violence. "When the definition of the predicate offense is ambiguous and does not reveal whether it is a crime of violence, we may discover the nature of the offense for which the defendant was actually convicted by looking at the charging document and the jury instructions." *Vigil*, 334 F.3d at 1218–19 (quoting *United States v. Pierce*, 278 F.3d 282, 286 (4th Cir. 2002)) (internal citation and quotation marks omitted).

Miller argues that the district court's examination of the Summons and Complaint was improper. Nonetheless, while a court may not make "a factual inquiry into the facts previously presented and tried" to determine whether a conviction is for a crime of violence, *id*. at 1219, this Court has made clear that a court may examine "charging papers" to determine whether a conviction is for a crime of violence. *United States v. Smith*, 10 F.3d 724, 734 (10th Cir. 1993); *see also United States v. Dwyer*, 245 F.3d 1168, 1171 (10th Cir. 2001); *United States v. Zamora*, 222 F.3d 756, 764 (10th Cir. 2000).[1] The state Summons and Complaint upon which the district court relied was such a charging paper. It listed among the charges that Miller had punched another person and directed Miller to appear in court at a certain place and time to answer to this charge. The plea agreement Miller later signed clearly referenced this charging document.

Thus, by pleading guilty to a charge of punching another person, Miller clearly admitted to committing a crime involving the "use of force." The district court's decision is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[1] We need not reach the issue of whether the district court properly referenced the fact that Miller was directed to attend anger management classes, a fact upon which in Miller's opinion the district court improperly relied, because the charging document clearly refers to Miller punching the victim.