**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON GREER,

    Defendant - Appellant.

No. 16-1282
(D.C. Nos. 1:16-CV-01111-LTB and
1:02-CR-00184-LTB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Jason Greer appeals from the district court's judgment denying him relief on his second motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Greer sought to invalidate his sentence to the extent that it was based on his status as a career offender under the advisory Sentencing Guidelines. Greer's claim is foreclosed by the Supreme Court's decision in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017). Consequently, exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"Greer was convicted following a guilty plea of one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). The district court sentenced him to 188 months' imprisonment, followed by a five-year term of supervised release." *United States v. Greer*, 85 F. App'x 181, 181-82 (10th Cir. 2004) (*Greer I*) (unpublished). The district court based Greer's sentence, in part, on a finding that he qualified as a career offender under the advisory Sentencing Guidelines because he had at least two prior felony convictions for crimes of violence. *See id.* at 182; U.S. Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2002) (USSG). We dismissed his direct appeal. *See Greer I*, 85 F. App'x at 184. And the district court denied his first § 2255 motion.

In 2016, Greer moved for authorization to file a second § 2255 motion based upon the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* voided, in part, the definition of a qualifying "violent felony" used for sentence enhancement under the Armed Career Criminal Act (ACCA). *Id.* at 2563. The Supreme Court held that the "residual clause" in the definition—covering crimes "involv[ing] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—violated the constitutional prohibition against vague criminal laws and that an increased sentence based on that clause violates a defendant's right to due process. *Johnson*, 135 S. Ct. at 2557, 2563. In *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1268 (2016), the Court made *Johnson*'s holding retroactive to cases on collateral review.

This court extended *Johnson*'s holding to identical residual-clause language previously used to define "crime of violence" in the career-offender guideline, USSG § 4B1.2(a)(2). *See United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015). We authorized Greer to file a second § 2255 motion challenging his career-offender sentence because at least one of his prior convictions qualified as a crime of violence under the residual-clause definition in § 4B1.2(a)(2). *See In re Greer*, No. 16-1179, slip op. at 1 (10th Cir. May 13, 2016); *see also In re Encinias*, 821 F.3d 1224, 1226 (10th Cir. 2016) (challenge to a sentence that was enhanced based on the residual clause in § 4B1.2(a)(2) is "sufficiently based on *Johnson* to permit authorization under § 2255(h)(2)").

The district court denied Greer's second § 2255 motion. It held that he still had at least two prior convictions that qualified as crimes of violence as defined in the Guidelines without applying the residual clause. The district court granted Greer a certificate of appealability. "We review the district court's legal rulings on a § 2255 motion de novo and it findings of fact for clear error." *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017) (internal quotation marks and alteration omitted).

Greer argues that his prior conviction for assault on a peace officer under Colorado law is not a crime of violence because that offense does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another," as required by USSG § 4B1.2(a)(1). We need not decide this question. After we docketed Greer's appeal, the Supreme Court issued its decision in *Beckles*.

3

Like Greer, the petitioner in *Beckles* sought to invalidate his sentence to the extent that it was based on § 4B1.2(a)'s residual clause. *See Beckles*, 137 S. Ct. at 891. Contrary to our decision in *Madrid*, the Supreme Court rejected the petitioner's claim that the career-offender residual clause is void for vagueness under the reasoning in *Johnson*. *See id.* at 895. The Court distinguished its holding in *Johnson*, explaining:

> Unlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* at 892. Thus, *Beckles* forecloses any claim that a Guidelines provision is subject to a vagueness challenge. Greer's claim that his sentence is invalid because § 4B1.2(a)(2)'s residual clause is void for vagueness fails as a matter of law.

The district court's judgment is affirmed.

Entered for the Court


Harris L Hartz
Circuit Judge

4