training in the law. The problems associated with this broad interpretation are obvious. Such construction would arguably include law students, persons who have taken law-related courses in college, accountants versed in tax and business law, real estate brokers knowledgeable of property law, and several other groups of persons who at some point in time received some formal instruction in particular aspects of law or the legal system. In addition to creating serious difficulties of application, the construction urged by the defendant could well lead to the exclusion of large numbers of persons from criminal juries in derogation of the representative cross-sectional concept of the jury trial. It is simply inconceivable to us that the legislature intended to subject such a broad class of persons to challenge for cause when it employed the term "lawyer" in section 16–10–103(1)(k).

We agree with the court of appeals that the trial court did not err in denying the defendant's challenge for cause to a prospective juror who, although having previously received a law degree and having been licensed to practice law for a brief period of time many years ago, was not licensed to practice law at the time of the voir dire examination in question. The judgment is accordingly affirmed.

Norman S. Early, Jr., Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Donna Skinner Reed, Deputy Dist. Atty., Denver, for respondent.

PER CURIAM.

We granted certiorari to consider the decision of the court of appeals in *People v. Thornton*, 712 P.2d 1095 (Colo.App.1985), which affirmed the conviction of the defendant, Thomas P. Thornton, on six counts of securities fraud. Subsequent to our order granting certiorari, the People, relying on our opinion in *People v. Riley*, 708 P.2d 1359 (Colo.1985), have confessed error in this case. The People's confession of error is based on the trial court's instruction to the jury that good faith is not a defense to the charge of securities fraud. Although the defendant did not petition this court for certiorari on the propriety of the trial court's instruction, the People, pointing out that at trial the defendant did raise an objection to the giving of the good faith instruction, urge us to reverse in the interests of justice.

We accept the People's confession of error and accordingly reverse the judgment of conviction and remand the case to the court of appeals with directions to return the case to the district court for a new trial.

**Thomas P. THORNTON, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 85SC463.**

Supreme Court of Colorado,
En Banc.

April 21, 1986.

David F. Vela, Colorado State Public Defender, Judy Fried, Deputy State Public Defender, Denver, for petitioner.

**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Sheila Marie SMITH, Defendant-Appellee.**

**No. 85SA225.**

Supreme Court of Colorado,
En Banc.

April 21, 1986.