The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Roger Dale STAGGS, Defendant-Appellant.

No. 85CA1028.

Colorado Court of Appeals, Div. III.

May 21, 1987.

Rehearing Denied June 11, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Christine A. Carney, Fort Collins, for defendant-appellant.

STERNBERG, Judge.

A jury found defendant, Roger Dale Staggs, guilty of criminal attempt to commit sexual assault in the third degree. He appeals, and we reverse and remand for a new trial.

On October 17, 1984, Staggs and four other vacuum cleaner salesmen went to the victim's house to conduct a demonstration of the company's vacuum cleaners. Staggs returned to the victim's home at 5:30 that evening and again attempted to sell her a vacuum cleaner. The victim's aunt and sister were present at that time. The victim alleged that Staggs returned again to her home between 7:00 and 7:30 p.m. that evening, at which time the incident resulting in the sexual assault charges occurred.

Staggs' defense was based on alibi testimony by his co-workers and other customers which placed him at sales demonstrations at two other residences during the time at which the alleged sexual assault took place at the victim's home.

According to juror affidavits presented by defendant in moving for acquittal or new trial, one of the jurors conducted her own investigation during a jury recess to determine the time needed to drive between the two residences. During jury deliberations this juror informed the other jurors of her investigation and indicated to them that it would have been possible for the defendant to have driven between the two residences and still have had time to make contact with the victim, contrary to the statements of certain defense witnesses.

## I.

To set aside a conviction because of juror misconduct, a defendant must show that he was prejudiced thereby. *Al-*

*varez v. People*, 653 P.2d 1127 (Colo.1982). The determination of whether prejudice has occurred is a matter within the sound discretion of the trial court. *People v. Thornton*, 712 P.2d 1095 (Colo.App.1985), *rev'd on other grounds*, 716 P.2d 1115 (Colo. 1986).

 While CRE 606(b) precludes examining jurors to determine whether the information did in fact influence their decision, the capacity of the improper information to influence a verdict may be ascertained from an examination of the improper information itself. *T.S. v. G.G.*, 679 P.2d 118 (Colo.App.1984).

■ We disagree with the trial court's conclusion that the juror's misconduct was incapable of influencing the jury's verdict. The thrust of Staggs' defense was alibi, and the key issue was whether the jury believed the victim or believed Staggs. Therefore, the timing of the events on the evening in question was critical. Had the jury not learned from one of its own that it would have been possible for the defendant to have driven between the two residences and still have contacted the victim, the jury might well have determined the issue of credibility against the victim. Thus, the juror's conduct in resorting to sources outside of the courtroom to test driving times testified to by defense witnesses and informing the other jurors of her conclusion requires reversal. *See Butters v. Wann*, 147 Colo. 352, 363 P.2d 494 (1961); *T.S. v. G.G.*, *supra*. *Cf. Alvarez v. People*, *supra*.

## II.

■ Because this case must be retried and the contention may arise on retrial, we address defendant's argument that the trial court erred in instructing the jury on the charge of attempted third degree sexual assault. The defendant asserts that that crime is not necessarily a lesser included offense of the original charge of attempted first degree sexual assault. There is no merit to this contention.

The victim testified that the defendant attempted to force her to perform fellatio upon him. The statutory definition of the "penetration" required for first degree sexual assault includes fellatio, § 18–3–401(6), C.R.S. (1986 Repl.Vol. 8B), and this was the act upon which the first degree sexual assault charge was premised. Under these facts, it would be impossible for the defendant to have committed the greater offense of first degree sexual assault, *i.e.*, sexual penetration, without having also committed the lesser included offense of third degree sexual assault, *i.e.*, sexual contact.

The other contentions of error are unlikely to arise on retrial and in any event are without merit.

The judgment is reversed and the cause is remanded for a new trial on third degree sexual assault.

VAN CISE and CRISWELL, JJ., concur.