The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Eugene VELARDE,
Defendant–Appellant.

No. 87CA0877.

Colorado Court of Appeals,
Div. III.

Aug. 17, 1989.

Rehearing Denied Sept. 21, 1989.

Certiorari Denied April 2, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Eugene Velarde, appeals the judgment of conviction entered on a jury verdict finding him guilty of felony theft. He contends that his right to a speedy disposition of the charge under the Uniform Mandatory Disposition of Detainers Act was violated, and he also argues that the court erred in refusing his tendered lesser included offense instruction on misdemeanor theft. We affirm.

I.

Defendant was charged with theft over $300 but less than $10,000 in violation of § 18–4–401, C.R.S. (1986 Repl.Vol. 8B). He entered a not guilty plea at his December 1986 arraignment, at which time a jury trial was set for April 1987. In March 1987 defendant filed, pro se, a motion to dismiss. In this motion he alleged that at his arraignment he had invoked his right under the intrastate Uniform Mandatory Disposition of Detainers Act (the Act), § 16–14–101, et seq., C.R.S. (1986 Repl.Vol. 8A), to a speedy disposition of the theft charge and that the failure to bring him to trial within ninety days of his request for prompt disposition required dismissal of the charge.

At the hearing held on defendant's motion, the court reviewed a transcript of the arraignment and concluded that defendant had failed to make "even colorable compliance" with the provisions of the Act. Defendant's motion was therefore denied, and the case proceeded to trial.

Defendant maintains that the court erred in denying his motion to dismiss. He argues that, because the court was aware he was incarcerated at the time he entered his not guilty plea, his verbal, general, speedy trial request made at the arraignment was sufficient to put the court and prosecutor on notice of his intent to invoke the protections of the Act. We conclude, however, that defendant's failure to object to the trial setting constituted a waiver of his rights under the Act.

Defendant has not caused the transcript of his arraignment to be made a part of the record on appeal in this case. However, the trial court's description of the proceedings, the accuracy of which defendant does not dispute, indicates that, at his arraignment, defendant merely made a "generic" request for a speedy trial, without designating which of several statutes setting trial deadlines he was relying on. At that time, a trial date more than 90 days later was set without objection by defendant.

The date of the offense committed by defendant was February 4, 1986. Thus, § 18–1–405(5.1), C.R.S. (1986 Repl.Vol. 8B), which became effective on July 1, 1985, was applicable to these proceedings. *See People v. Newton,* 764 P.2d 1182 (Colo. 1988). And, that statute, while a part of the general speedy trial statute, is to be

applied to other statutes creating trial deadlines, unless the other statute contains inconsistent provisions. *People v. Newton, supra.*

Like the Interstate Agreement on Detainers, § 24–60–501, et seq., C.R.S. (1988 Repl.Vol. 10B), the Act is silent upon the effect of the failure by a defendant to object to a trial date beyond the time limit set by the Act. Hence, § 18–1–405(5.1) applies to the rights created by the Act.

Section 18–1–405(5.1) provides that, absent objection by defendant, the setting of a trial date beyond the time required for the trial by statute results in an extension of the statutory deadline to the date actually set for trial. Since defendant did not object to the trial setting, the Act's deadline was extended to the date of the trial. Thus, even if it is assumed that defendant's general request constituted a proper demand under the Act, defendant's rights were not violated in this case.

## II.

Defendant also contends that the court erred in refusing to give his tendered jury instruction on misdemeanor theft. He argues that the People did not conclusively establish that the collective value of the stolen VCRs exceeded $300 and that submission of the lesser included offense instruction was, therefore, required. Again, we disagree.

■ A court has no duty to instruct the jury on the elements of a lesser included offense unless there exists a rational basis in the evidence to support a verdict acquitting the defendant on the greater charge and convicting him on the lesser charge. *People v. Aragon,* 653 P.2d 715 (Colo.1982). Nor does the mere possibility that the jury might reject the prosecution's uncontroverted evidence necessitate an instruction on the lesser charge.

■ For purposes of a theft from a store, the prima facie measure of value to be attached to stolen goods is the retail value at the time of the commission of the offense. Section 18–4–414, C.R.S. (1986 Repl.Vol. 8B), amended effective July 1, 1988, Colo.Sess.Laws 1988, ch. 124, § 18–4–414 at 713; *People v. Campbell,* 678 P.2d 1035 (Colo.App.1983). Here, the only evidence of value was the testimony of an employee of the store from which the VCRs were stolen, which established that the retail value of the two machines at the time of the taking exceeded the sum of $300 by several hundred dollars. We do not consider this witness' testimony that, when purchasing a VCR, the retail customer received other "equipment," including an instruction manual, to be sufficient to allow the reasonable inference to be drawn that the collective value of the two VCRs alone was less than $300.

Judgment affirmed.

STERNBERG and MARQUEZ, JJ., concur.