The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Gregory Allen SCHMIDT, Defendant–Appellant.

No. 92CA2087.

Colorado Court of Appeals, Div. V.

June 16, 1994.

As Modified on Denial of Rehearing July 14, 1994.*

Certiorari Denied Dec. 19, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Lindy Frolich, Deputy State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Gregory Allen Schmidt, appeals the judgment of conviction entered upon a jury verdict finding him guilty of second degree sexual assault. We affirm.

Defendant was charged with first degree sexual assault. He admitted having intercourse with the victim but contended that this was done with the victim's consent. This alleged consent was defendant's sole defense at trial.

I.

■ Defendant first contends that the trial court erred in its rulings on challenges for cause of two prospective jurors. We do not agree.

■ To ensure that the jury is impartial, the trial court must sustain a challenge for cause of a potential juror if there exists a state of mind in the juror evincing enmity or bias toward the defendant or the prosecution. However, if the court is satisfied that the potential juror will render a fair and impar-

tial verdict according to the law and to the evidence submitted at trial, that person should not be disqualified. Section 16–10–103(1)(j), C.R.S. (1986 Repl.Vol. 8A); Crim.P. 24(b)(1)(X).

■ Even if a potential juror expresses some prejudice or predisposition other than a bias against the accused, a disqualification for cause is not necessary if the trial court is reasonably satisfied that he or she is willing to be fair and to follow instructions. *See People v. Taggert,* 621 P.2d 1375 (Colo.1981). Thus, the ultimate test to be applied is whether it appears that the potential juror would render a fair and impartial verdict based upon the evidence presented at trial and the instructions given by the court. *People v. Abbott,* 690 P.2d 1263 (Colo.1984).

■ The trial court is afforded broad discretion in deciding whether to grant or deny a challenge for cause of a potential juror, and a decision denying such a challenge will be set aside only when the record discloses a clear abuse of that discretion. *People v. Russo,* 713 P.2d 356 (Colo.1986). This standard recognizes that the trial judge is in the best position to assess fully the attitudes and state of mind of a potential juror by personal observation of what may appear to be inconsistent or self-contradictory responses to difficult questions. *People v. Sandoval,* 733 P.2d 319 (Colo.1987).

A.

Defendant challenged for cause a potential woman juror who had been a victim of sexual assault forty years earlier. When the trial court denied the challenge, defendant exercised one of his peremptory challenges. He maintains that this unwarranted use of a peremptory challenge adversely affected his right to a fair trial.

Defendant is correct in his assertion that this potential juror clearly displayed the emotional impact of her personal experience as a victim of a sexual assault, even expressing that she wished she had killed her attacker. However, in evaluating a challenge for cause, the entire testimony of a prospective

juror must be considered. *See People v. Abbott, supra.*

Here, the prospective juror also indicated that she would be able to judge more fairly because she'd "been through it," that she could put her own experience out of her mind and base her decision solely upon what she heard in the courtroom, that she could listen to the instructions and apply the law to the facts as the sole basis for her decisions, that she could avoid empathy or prejudice, and that she believed her experience would enable her to tell if someone were speaking truthfully.

Although we might have reached a contrary result, our review of the record does not reveal the clear abuse of discretion required to set aside the ruling of the trial court.

### B.

■ A second potential woman juror was excused when the prosecution's challenge for cause was sustained. *Citing Bustamante v. People,* 133 Colo. 497, 297 P.2d 538 (1956), defendant asserts that this allowed the prosecution an additional peremptory challenge and thus adversely affected his right to a fair trial.

This potential juror repeatedly expressed her opinion that, after hearing all the instructions and the evidence, she would not be able to make a decision as to defendant's guilt or innocence. Though she also said she would "probably not" be unfair and, if selected, would not render a verdict contrary to the law and evidence, she expressed specific unwillingness to serve as a juror in this case. She expressed a particular aversion to serving as a juror in a trial of a charge of sexual assault and asserted her religious beliefs as a reason.

Again, based upon the record before us, we perceive no abuse in the exercise of discretion of the trial court.

### II.

■ Defendant asserts that the trial court erred in declining to allow disclosure of material relating to prior sexual conduct of the victim. We disagree.

Although defendant did not comply with the requirements of § 18–3–407, C.R.S. (1986 Repl.Vol. 8B), pertaining to evidence of prior sexual conduct or prior reports of sexual assault, the trial court nevertheless conducted an *in camera* hearing to examine the evidence in question.

Specific to defendant's contention of relevancy as to the victim's credibility was his belief that the material documented an earlier instance in which the victim had falsely reported a sexual assault.

The trial court's examination concluded that the material contained no evidence of "false reporting of a rape incident" nor other evidence of an exculpatory nature. Rather, it showed that a third person reported that the victim had been raped while the victim told police that she had not been raped. A further statement made by a "dorm assistant" to the effect that she thought the victim might have a personality disorder was factually unsupported.

■ Our review of the material likewise reveals no failure to disclose evidence favorable to defendant. Consequently, we disagree with defendant's contention that he has been denied his right to due process as set forth in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). There is no constitutional right to introduce irrelevant and inflammatory evidence. *See People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978).

Therefore, because the trial court here correctly determined that the prior sexual conduct that had occurred nine years previously and that had not involved a false accusation was irrelevant, we discern no denial of defendant's constitutional right to confront his accuser.

### III.

■ Defendant next contends that the trial court erred in its failure to instruct the jury on third degree sexual assault as a lesser included offense. We do not agree.

Section 18–3–403, C.R.S. (1986 Repl.Vol. 8B) provides:

(1) Any actor who knowingly inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if:

(a) The actor causes submission of the victim to sexual penetration by any means other than those set forth in section 18–3–402, but of sufficient consequence reasonably calculated to cause submission against the victim's will; or

(b) The actor causes submission of the victim to sexual intrusion by any means other than those set forth in section 18–3–402, but of sufficient consequences reasonably calculated to cause submission against the victim's will; or ....

Section 18–3–404, C.R.S. (1986 Repl.Vol. 8B) provides:

(1) Any actor who knowingly subjects a victim to any sexual contact commits sexual assault in the third degree if:

(a) The actor knows that the victim does not consent; or ....

■■■■■ We recognize that third degree sexual assault may be a lesser included charge of second degree sexual assault. *People v. Staggs,* 740 P.2d 21 (Colo.App.1987). However, a trial court has no duty to instruct juries on the elements of a lesser included offense unless there exists a rational basis in the evidence to support a verdict acquitting the defendant of the greater offense and convicting him of the lesser. *People v. Velarde,* 790 P.2d 903 (Colo.App.1989).

■■■■■ If the evidence is such that the defendant is either guilty of the greater offense or not guilty of any criminal conduct, an instruction on the lesser offense is inappropriate. *Apodaca v. People,* 712 P.2d 467 (Colo.1985).

Here, there was no dispute that defendant had sexual intercourse with the victim. And, in our view nonconsensual sexual intercourse, in contrast to other forms of sexual contact without consent, requires the *submission* of the victim.

Defendant admits that the victim said "no" to his request for sexual intercourse but states that he did not believe she meant it. We conclude that the statement "no" provides a sufficient basis upon which a jury could find that a victim resisted sexual intercourse and that a defendant thereafter caused "submission against the victim's will."

In so doing, we reject the rationale of the Pennsylvania Supreme Court in *Commonwealth v. Berkowitz,* 537 Pa. 143, 641 A.2d 1161 (1994) ("no" is not relevant to the issue of force). We instead specifically conclude that a victim's statement of "no" is relevant to the issue of "submission against the victim's will."

Because the defense at trial was consent, there was no basis for giving a third degree sexual assault instruction, for if the victim did consent to intercourse, then defendant would not be guilty of second degree sexual assault. Conversely, if the victim refused to consent to intercourse, but did consent to sexual contact, then defendant would still be guilty of second degree sexual assault because he admitted intercourse had occurred. However, under the facts here, defendant could not have engaged in non-consensual intercourse and still have been guilty of only third degree sexual assault. *See Sims v. People,* 177 Colo. 229, 493 P.2d 365 (1972).

### IV.

■■■■■ Finally, defendant contends that the trial court erred in its refusal to instruct the jury that the prosecution bears the burden of disproving an affirmative defense beyond a reasonable doubt. This contention is without merit.

Defendant's sole defense was that the victim consented to sexual intercourse. Rather than an affirmative defense, as characterized by defendant in calling it a "mistake of fact," lack of consent is an *element* of the offense.

Here, the jury was instructed that the prosecution bore the burden of proving every element of the offense beyond a reasonable doubt. By its verdict, the jury demonstrated that the prosecution had met this burden of proving that defendant had caused the "submission" of the victim against her will.

The judgment is affirmed.

CASEBOLT, J., concurs.

TURSI, J.,** dissents.

Judge TURSI dissenting.

Because I believe, based upon the totality of the evidence, that defendant was entitled to an instruction on the lesser included offense of third degree sexual assault, I respectfully dissent.

The evidence before the court was in conflict. The complainant testified that the defendant threw her on the floor, removed her underclothing and his own, while at all times holding her as she struggled to escape.

The defendant testified that the complainant came into his bedroom while he was asleep, awakened him, and wanted to talk to him about a failed love relationship. After putting on his trousers, he joined her in the living room where she sat on his lap and they "messed around." Then, at his request, she preceded him into the bedroom and on to the bed. Although she had said "no" to his requests for intercourse, that response was based on her fear of being discovered by defendant's wife.

He further testified that at no time did he apply force, restraint, or threats and that she offered no resistance while he stood to remove his trousers, when he removed her underpants, or when he penetrated her. Defendant testified that he perceived the act of sexual intercourse to have been with her tacit consent. Further, the record is apparently devoid of any evidence of struggle or the application of physical force.

The elements of the crime of second degree sexual assault, as applicable here, are:

1.  That the defendant,

2.  knowingly inflicted sexual penetration on a person, and

3.  caused submission of that person

4.  by any means of sufficient consequence to reasonably cause submission against the victim's will, and was

5.  reasonably calculated to cause submission against that person's will.

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

Section 18–3–403, C.R.S. (1986 Repl.Vol. 8B); *see also COLJI–Crim.* No. 12:05.

The elements of the crime of third degree sexual assault are:

1.  That the defendant,

2.  knowingly subjected a person to any sexual contact,

3.  with knowledge that that person did not consent.

Section 18–3–404, C.R.S. (1986 Repl.Vol. 8B); *COLJI–Crim.* No. 12:07.

Due process of law protects an accused against conviction except upon proof beyond a reasonable doubt of every essential element of the criminal charge. *Jolly v. People,* 742 P.2d 891 (Colo.1987).

Contrary to the holding of the majority, sexual intercourse without consent did not, in and of itself, preclude the necessity of proof to sustain a conviction of second degree sexual assault charge. Rather, the charge requires proof beyond a reasonable doubt that the submission to intercourse was caused by means of sufficient consequences to reasonably cause submission against the complainant's will and that those means were reasonably calculated to cause such submission against the complainant's will.

In other words, a jury must apply an objective evaluation of the totality of the evidence in determining whether the means defendant used, in fact, did cause complainant's submission against her will and that those means were reasonably calculated to so do. *See Jolly, supra.*

Here, there was evidence supporting defendant's tendered instruction on third degree sexual assault: that he, with knowledge that the victim had said no at one time, nevertheless, had intercourse by means which were neither of sufficient consequence to *reasonably* cause submission against the complaining witness's will nor *reasonably* calculated to cause submission against her will. *See People v. Smith,* 638 P.2d 1 (Colo. 1981); *see also People v. McGregor,* 635 P.2d 912 (Colo.App.1981).

and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

If, as here, when a defendant mistakenly believes that he had consent but did nothing that was of sufficient consequence reasonably to cause submission, nor anything that was reasonably calculated to cause submission against the other person's will, he is entitled to an alternative theory of defense and an instruction on the lesser included offense of third degree sexual assault. *See People v. Staggs,* 740 P.2d 21 (Colo.App.1987).

Thus, based on the totality of the evidence, even though sexual penetration did occur, the necessary element of causation required for submission to establish the crime of second degree sexual assault may not have been accepted by the jury if an instruction on third degree assault had been given.

Therefore, I would reverse and remand for retrial on the issues of second and third degree sexual assault.