The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Darrell W. CRUZ, Defendant–Appellant.

No. 93CA1198.

Colorado Court of Appeals,
Div. V.

May 4, 1995.*

Rehearing Denied May 25, 1995.

Certiorari Granted Oct. 10, 1995.**

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge KAPELKE.

Defendant, Darrell W. Cruz, appeals the judgment of conviction entered upon a jury verdict finding him guilty of first degree sexual assault. We reverse and remand.

At trial, defendant contended that the victim had consented to having sexual relations with him. He tendered five proposed jury instructions regarding the affirmative defense of consent, but the trial court refused to instruct the jury on that defense.

I.

Defendant first contends that the trial court committed reversible error by refusing

* Prior opinion announced March 2, 1995, WITHDRAWN. Petition for Rehearing GRANTED.

** Petition for Writ of Certiorari GRANTED, and the judgment of the Colorado Court of Appeals is vacated. The case is remanded to the Colorado Court of Appeals for reconsideration in light of *Dunton v. People*, 898 P.2d 571 (Colo.1995).

his request to instruct the jury on the affirmative defense of consent. We agree.

■ A defendant is not entitled to an instruction on an affirmative defense that, based on the evidence presented at trial, is "an impossibility." *People v. Marquez,* 692 P.2d 1089, 1098 (Colo.1984). However, "when even a scintilla of evidence, regardless of how unreasonable or how improbable," tends to substantiate a defendant's theory of defense, the trial court must instruct the jury on that theory of defense. *People v. Jones,* 677 P.2d 383, 385 (Colo.App.1983), *rev'd on other grounds,* 711 P.2d 1270 (Colo.1986); *see also People v. Huckleberry,* 768 P.2d 1235 (Colo.1989), *cert. denied,* 503 U.S. 990, 112 S.Ct. 1684, 118 L.Ed.2d 400 (1992); *People v. Rivera,* 710 P.2d 1127 (Colo.App.1985).

The statute governing the affirmative defense of consent provides that:

> The consent of the victim to conduct charged to constitute an offense or to the result thereof is not a defense *unless the consent negatives an element of the offense* or precludes the infliction of the harm or evil sought to be prevented by the law defining the offense.

Section 18–1–505(1), C.R.S. (1986 Repl.Vol. 8B) (emphasis added).

In *People v. Braley,* 879 P.2d 410 (Colo. App.1993), a division of this court determined the defendant was not entitled to a jury instruction on the affirmative defense of consent when the only claimed basis for the defense was the victim's failure to cry out or physically resist the sexual assault. The court pointed out that the only relevant evidence on the issue indicated that the victim's inaction was motivated by fear. *See also* § 18–3–401(1.5), C.R.S. (1994 Cum.Supp.) (providing that "[s]ubmission under the influence of fear" does not constitute consent). The court also noted that the jury was instructed as to defendant's theory of the case that the sexual contact was consensual.

■ Here, there was more evidence of possible consent by the victim than the mere fact that she did not cry out or physically resist defendant's advances. More specifically, there was testimony that, shortly after rejecting defendant's initial sexual advances, the victim, wearing only a t-shirt, underpants, and a robe, voluntarily joined defendant on the couch where he was sitting and that she had been kissing defendant immediately before the alleged assault. Moreover, the victim's description of the events was confused and inconsistent, particularly regarding whether she let defendant into her apartment and whether defendant "pushed" her or simply "laid her down" on the couch.

This evidence bearing on the possible existence of consent, while not strong, at least satisfies the "scintilla" standard required for an instruction on an affirmative defense. *See People v. Montague,* 181 Colo. 143, 508 P.2d 388 (1973). Accordingly, we conclude that the trial court had a duty to instruct the jury on the affirmative defense of consent. *See People v. Montague, supra; People v. Jones, supra.*

Moreover, we note that here, unlike in *People v. Braley, supra,* the trial court did not give, and was not asked to give, an instruction regarding defendant's theory of the case.

The trial court indicated that it refused to give defendant's tendered instructions regarding consent because of its determination that:

> [T]he district attorney has to prove that the submission of the victim was by actual application of physical force or violence. By the mere nature of the fact being an element of the crime, there cannot be any consent. If there were consent, then it would vitiate that element of the crime.... Because of that, I feel it's redundant, and I am not going to give an affirmative defense [instruction].

The court's stated reason for not giving the requested instruction is, in fact, the basis for *giving* such an instruction here.

The statute expressly provides that consent may constitute an affirmative defense if "the consent negatives an element of the offense" and, as the trial court correctly pointed out, whether the victim consented to sexual contact with defendant is directly relevant to the element of submission. *See People v. Schmidt,* 885 P.2d 312 (Colo.App.1994); *see also People v. Smith,* 638 P.2d 1 (Colo.

1981). Specifically, if the victim consented to having sex with defendant, then the element of submission would be negated because the victim cannot both consent to sexual contact and be made to submit against her will to such contact. *See* § 18–3–401(1.5) (defining "consent" for purposes of sexual assault offenses committed on or after July 1, 1992). Thus, because the victim's alleged consent would have "negative[d] an element of the offense," the trial court was required to instruct the jury on the affirmative defense of consent.

While the prosecution did not argue the point, we conclude that the failure to give the requested instructions was not harmless beyond a reasonable doubt, especially in view of the fact that the evidence of defendant's guilt was not overwhelming.

## II.

Because the issue might arise on remand, we briefly address defendant's contention that the trial court's response to a question from the jury was improper. We reject the contention.

During their deliberations, the jurors made the following inquiry of the court: "Is there a legal interpretation of the word 'submission' under [the fifth element] of Instruction No. 11?" The court made the following response, which was based on a dictionary definition of "submission": "You are instructed that the word 'submission' means the act of submitting to the power of another."

Defendant contends that the trial court's response was improper because it "both omitted and negated the fact that submission in the context of first degree sexual assault must be effectuated through physical force or violence," and therefore relieved the prosecution of its burden to prove every element of the charged offense. We disagree.

█ The trial court's instruction to the jury regarding the elements of first degree sexual assault made it clear that the prosecution was required to prove each of those elements beyond a reasonable doubt. That instruction employed the language contained in § 18–3–402(1), C.R.S. (1986 Repl.Vol. 8B) and *COLJI–Crim.* No. 12:01 (1983).

In a separate instruction, the court again apprised the jury of the prosecution's burden to prove "to the satisfaction of the jury beyond a reasonable doubt the existence of all of the elements necessary to constitute each of the crimes charged."

Hence, the jury was explicitly instructed that one of the elements of first degree sexual assault was that the defendant caused the victim's submission "through the actual application of physical force or physical violence." In its inquiry, the jury merely requested a definition of the term "submission." Nothing in the jury's question suggests that the jurors were confused about the separate requirement that defendant use physical force or violence to cause the victim's submission. Accordingly, the court's failure to mention physical force or violence in the definitional instruction did not "negate" that element of the offense or lead the jury to disregard it.

Thus, we find no error in the supplemental instruction given by the trial court.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG, C.J., concurs.

DAVIDSON, J., dissents.

Judge DAVIDSON dissenting.

I would not reverse an otherwise valid conviction because of the trial court's failure to give the jury an instruction which in practical effect was unnecessary and which resulted in no prejudice to the defendant. Therefore, I respectfully dissent.

The offense, as charged here, required that the prosecution prove beyond a reasonable doubt that the defendant knowingly inflicted sexual penetration on the victim and caused submission of the victim through the actual application of physical force or violence.

The trial itself was uncomplicated. The single contested issue was whether defendant forced the victim to submit to sexual intercourse, as the victim testified, or whether the victim voluntarily agreed to have sexual intercourse with him, as defendant asserted.

From the opening statements through instructions, this was the sole focus of the trial.

The jury instructions, similarly, were uncomplicated. As pertinent here, the jury specifically was told that the burden of proof was on the prosecution to prove each and every element of the crime beyond a reasonable doubt. Each element of first degree sexual assault, including the key requirement that the victim's submission be caused by the application of actual physical force or violence, was properly set forth in the jury instructions. Defendant did not tender a theory of defense instruction.

Notwithstanding that the evidence and instructions posited only this one factual issue for the jury to resolve, the majority reverses the defendant's conviction on the grounds that, because there was some evidence of consent, the failure to give the jury defendant's proposed instruction on the affirmative defense of consent constitutes prejudicial error. The crux of the majority's reasoning is that, by statute, consent is an affirmative defense if "the consent negates an element of the offense." *See* § 18-1-505(1), C.R.S. (1986 Repl.Vol. 8B). Therefore, according to the majority, the instruction was required because if the victim agreed to have sex with the defendant, "the element of submission would be negated because the victim cannot both consent to sexual contact and be made to submit against her will to such contact."

However, in my view, the failure to give the instruction was of no consequence here.

A true affirmative defense is in the nature of a confession and avoidance. Essentially, the defendant admits the conduct giving rise to the charged offense but presents additional evidence which, if believed, would justify the conduct. *See People v. Huckleberry*, 768 P.2d 1235 (Colo.1989). Traditionally, true affirmative defenses are not element-negating, and insofar as consent, or similar element-negating defenses, are denominated by statute as affirmative defenses, that is, at best, a loose use of the term.

Regardless whether it is a true affirmative defense or a statutory creation, however, the classification of such defense as an "affirmative defense" is procedurally significant. It signals that the burden to produce some credible evidence of the defense is on the defendant—unless otherwise raised by the People's evidence—whereupon, if properly raised, it becomes the People's burden to disprove the defense beyond a reasonable doubt. Thus, in many circumstances, this classification is of critical importance. With a true affirmative defense, *e.g.*, choice of evils, and some element-negating defenses, *e.g.*, mistake, the evidence and theory upon which a defendant relies is not that which the prosecution usually would present in proving the offense. Nor would the fact that the burden of proof is on the prosecution be obvious to a jury without further instruction.

However, in a first degree sexual assault case, the prosecution must prove the element of submission by force or some equivalent and the jury must be so instructed. And, if the prosecution cannot prove beyond a reasonable doubt that a defendant caused submission of the victim through the actual application of such force, then the defendant must be acquitted. What benefit to the defendant is added, then, by an instruction which states that the prosecution must prove that the victim did not consent? The first degree sexual assault statute prohibits conduct which "by its very nature negates the existence of the victim's consent." *People v. Smith*, 638 P.2d 1, 4 (Colo.1981). *See also State v. Schuster*, 282 S.W.2d 553 (Mo.1955) (submission to physical force is not consent).

Conversely, if the jury decides that the prosecution has proven beyond a reasonable doubt that the victim submitted to sexual intercourse by force, it is completely redundant to instruct the jurors that they must decide also whether the prosecution has proven that the victim did not consent. *See People v. Smith, supra*, 638 P.2d at 4 (the "victim's submission under such circumstances hardly can be deemed to be consensual").

Thus, I agree with the trial court that: "[By] the mere nature of the fact [submission of the victim by actual application of force or violence] being an element of the crime, there cannot be consent. Because of that, I feel [the instructions are] redundant."

Here, the trial court properly instructed the jury on the elements of first degree sexual assault and, in particular, that the prosecution was required to prove beyond a reasonable doubt that the defendant caused the victim's submission by force. Moreover, no evidence relating to the issue of consent was excluded; as noted above, the focus of all of the evidence and all of the argument in this rather simple, straightforward trial was on that issue. Based on this record, then, there is absolutely no way that this jury could have failed to consider the issue of consent or could have misplaced the burden of proof.

Thus, even if by a technical application of the statute one were to conclude that such instruction was otherwise required, its omission, nevertheless, was not prejudicial to defendant. And, by its verdict, the jury demonstrated that the prosecution met its burden of proof that defendant had caused the victim to submit by application of actual force. Accordingly, I would affirm the judgment.