The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Darrell W. CRUZ, Defendant–Appellant.

No. 93CA1198.

Colorado Court of Appeals,
Div. V.

Feb. 1, 1996.

Rehearing Denied Feb. 29, 1996.

Certiorari Denied Sept. 9, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John J. Krause, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Darrell W. Cruz, appeals the judgment of conviction entered upon a jury verdict finding him guilty of first degree sexual assault. On such appeal, we previously reversed the judgment of conviction and remanded the cause. *People v. Cruz,* 903 P.2d 1198 (Colo.App.1995). On petition for certiorari, the supreme court vacated our judgment and remanded the case for reconsideration in light of *Dunton v. People,* 898 P.2d 571 (Colo.1995). Upon reconsideration, we affirm.

At trial, defendant contended that the victim had consented to having sexual relations with him. He tendered five proposed jury instructions regarding the affirmative de-

fense of consent, but the trial court refused to instruct the jury on that defense.

## I.

Defendant first contends that the trial court committed reversible error by refusing his request to instruct the jury on the affirmative defense of consent. We disagree.

As a general rule, a defendant is entitled to an instruction embodying his or her theory of the case if there is evidence supporting it. *People v. Marquez,* 692 P.2d 1089 (Colo.1984). However, if the defendant's theory of the case is already encompassed within other instructions being given by the trial court, the court may properly decline to give an additional, separate instruction tendered by the defendant. *See People v. Young,* 710 P.2d 1140 (Colo.App.1985).

Here, the trial court instructed the jury that the burden of proof was on the prosecution to prove each element of the crime beyond a reasonable doubt. The court also instructed the jury with respect to the elements of the offense of first degree sexual assault, essentially in accordance with *COL-JI–Crim.* No. 12:01 (1983), including that defendant must have "caused submission of [the victim] ... through the actual application of physical force or violence...." That instruction further required that each element be proven beyond a reasonable doubt.

Section 18–3–402(1)(a), C.R.S. (1986 Repl. Vol. 8B), the statute prescribing the offense of which defendant was convicted, provides as follows:

(1) Any actor who knowingly inflicts sexual intrusion or sexual penetration on a victim commits a sexual assault in the first degree if:

(a) The actor causes submission of the victim through the actual application of physical force or physical violence....

As the supreme court recognized in *Dunton v. People, supra,* this statute equates the victim's nonconsent with proof that the defendant caused the victim's submission by force or violence. Thus, the defendant's conduct causes the victim to be *unable* to consent.

Here, in arguing that he was entitled to separate jury instructions on the affirmative defense of consent, defendant relies on § 18–1–505(1), C.R.S. (1986 Repl.Vol. 8B), the general provision on consent, which states that a victim's consent is not a defense *"unless the consent negatives an element of the offense* or precludes the infliction of the harm or evil sought to be prevented by the law defining the offense." (emphasis added)

However, in our view, § 18–1–505(1) does not impose a requirement that the jury be instructed on an affirmative defense of consent in a case under the first degree sexual assault statute which itself requires, in effect, that the prosecution prove a *lack* of consent. The first degree sexual assault statute prohibits conduct which "by its very nature negates the existence of the victim's consent." *People v. Smith,* 638 P.2d 1, 4 (Colo.1981).

Since the jury could only convict upon a determination that the prosecution had proven lack of consent beyond a reasonable doubt, we find no prejudice to the defendant resulting from the failure of the trial court to give the tendered instructions on consent. No evidence relating to the issue of consent was excluded, and the focus of the trial was on that issue. Defendant's theory of the case was squarely before the jury throughout the trial, and the jury could not have failed to consider the issue of consent or have misallocated the burden of proof.

We therefore conclude that the trial court did not err in refusing to give the consent defense instructions tendered by defendant.

## II.

Defendant also contends that the trial court erred in giving a particular response to a question from the jury. Again, we disagree.

During their deliberations, the jurors made the following inquiry of the court: "Is there a legal interpretation of the word 'submission' [as that term is used in the elemental instruction]?" The court made the following response, which was based on a dictionary definition of "submission": "You are instructed that the word 'submission'

means the act of submitting to the power of another."

Defendant contends that the trial court's response was improper because it "both omitted and negated the fact that submission in the context of first degree sexual assault must be effectuated through physical force or violence," and therefore relieved the prosecution of its burden to prove every element of the charged offense. We disagree.

The trial court's instruction to the jury regarding the elements of first degree sexual assault made it clear that the prosecution was required to prove each of those elements beyond a reasonable doubt. As discussed above, that instruction employed the language contained in § 18-3-402(1), C.R.S. (1986 Repl.Vol. 8B) and *COLJI–Crim.* No. 12:01 (1983).

In a separate instruction, the court again apprised the jury of the prosecution's burden to prove "to the satisfaction of the jury beyond a reasonable doubt the existence of all of the elements necessary to constitute each of the crimes charged."

■ Hence, the jury was explicitly instructed that one of the elements of first degree sexual assault was that the defendant caused the victim's submission "through the actual application of physical force or physical violence." In its inquiry, the jury merely requested a definition of the term "submission." Nothing in the jury's question suggests that the jurors were confused about the separate requirement that defendant use physical force or violence to cause the victim's submission. Accordingly, the court's failure to mention physical force or violence in the definitional instruction did not "negate" that element of the offense or lead the jury to disregard it.

Thus, we find no error in the supplemental instruction given by the trial court.

The judgment is affirmed.

STERNBERG, C.J., and DAVIDSON, J., concur.