The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Janet M. BUSH, Defendant–Appellant.

No. 95CA0779.

Colorado Court of Appeals, Div. IV.

March 6, 1997.

Rehearing Denied May 8, 1997.

Certiorari Denied Dec. 8, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John D. Seidel, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge HUME.

Defendant, Janet M. Bush, appeals the judgment of conviction entered on jury verdicts finding her guilty of seven counts of obtaining a controlled substance by fraud, deceit, misrepresentation or subterfuge, six counts of theft, and three counts of unauthorized use of a financial transaction device. We affirm.

According to a doctor who employed defendant as a nurse and office manager, defendant embezzled thousands of dollars from his medical practice over a three-year period. The doctor testified that defendant fraudulently obtained a credit card in his name, charged personal expenses to the account, and used office funds to pay the account. He also testified that defendant paid personal expenses using blank checks which he had signed and that she had called in controlled substance prescriptions for herself and her husband at a local pharmacy by using the doctor's name without his knowledge or consent.

Defendant testified that the doctor was aware of all personal expenditures which she had made from the office accounts and that he also knew that she obtained and used the credit card to pay for personal expenses. According to defendant, the doctor authorized these expenditures as a way of paying her supplemental compensation in addition to her regular payroll salary. Defendant claimed that the doctor's purpose for agreeing to the arrangement was to give her additional compensation in a manner that would not increase payroll taxes, but which would provide him with expenses he could fraudulently list as business expenses to decrease his own income tax liability. Defendant maintained that she called in the controlled substance prescriptions based on a belief that she was authorized to do so.

Defendant submitted proposed jury instructions asserting consent as an affirmative defense to both the theft charges and the charges of unauthorized use of a financial transaction device. Defendant submitted another instruction raising mistaken belief of fact as an affirmative defense to the controlled substance charges. The trial court rejected the instructions and defendant was convicted of all charges submitted to the jury.

I.

■ Defendant argues that her testimony constituted sufficient evidence of consent to obligate the trial court to instruct the jury as to that defense. We perceive no error in the court's ruling.

"If the issue involved in an affirmative defense is raised, then the guilt of the defendant must be established beyond a reason-

able doubt as to that issue as well as all other elements of the offense." Section 18–1–407(2), C.R.S. (1986 Repl.Vol. 8B). The consent of the victim to conduct charged to constitute an offense is an affirmative defense if it negates an element of the offense. Section 18–1–505(1), C.R.S. (1986 Repl.Vol. 8B).

■■■ Whether there is credible evidence to support an affirmative defense is a question for the trial court to resolve. And, if there is credible evidence supporting the defense, the court must instruct the jury on the defense even if the supporting evidence consists of highly improbable testimony by the defendant. *Lybarger v. People*, 807 P.2d 570 (Colo.1991).

■■ However, a trial court is not required to give the jury an instruction defining an affirmative defense if proof of the elements of the charged offense necessarily requires disproof of the issue raised by the affirmative defense. *See People v. Fink*, 194 Colo. 516, 574 P.2d 81 (1978) (refusal of instruction that self-defense was an affirmative defense to criminally negligent homicide and reckless manslaughter was proper because jury could not find defendant guilty of either offense without necessarily finding that he acted unreasonably (a finding inconsistent with a theory of self-defense)); *People v. Cruz*, 923 P.2d 311 (Colo.App.1996)(separate instruction on affirmative defense of consent was unnecessary because proof that defendant caused victim to submit to sexual assault by application of physical force or violence necessarily required prosecution to prove lack of consent); *see also Dunton v. People*, 898 P.2d 571 (Colo.1995) (proof of victim's nonconsent is implicit within the elements of first degree sexual assault by force or violence).

Under such circumstances, refusal of an affirmative defense instruction does not constitute error so long as the defendant is allowed to introduce evidence supporting the issue which is embodied in the affirmative defense. *People v. Fink, supra.*

We reject defendant's suggestion that the reasoning of *Fink* and *Cruz* is limited to the specific offenses at issue in those cases. Neither case employed a uniquely offense-specific analysis. Rather, both decisions used a pragmatic comparison of the elements of the charged offense and the issue raised by the contested affirmative defense. *Cf. Case v. People*, 774 P.2d 866, 870 (Colo.1989)("underlying rationale of *Fink* remains valid" notwithstanding amendment of the pattern jury instruction upon which *Fink* was partially based).

Here, by convicting defendant of the theft charges the jury necessarily found that defendant acted "without authorization" under the elemental instruction given by the court. And, the term "authorization" was defined for the jury as "the express consent of a person, which may include an employee's job description, to use said person's property or services."

Similarly, the jury's guilty verdicts on the unauthorized use of a financial transaction device counts were predicated on a finding that defendant acted with "intent to defraud." Section 18–5–702(1), C.R.S. (1986 Repl.Vol. 8B). By finding defendant guilty, the jury further found that defendant acted "with knowledge that the card or other card device was forged."

The jury's findings as to both offenses are fundamentally inconsistent with a finding that the doctor consented to defendant's conduct. Defendant does not assert that she was precluded from presenting evidence supporting her claim that the doctor consented to her actions. Hence, the trial court did not err in rejecting defendant's instructions defining consent as an affirmative defense to the charges of theft and unauthorized use of a financial transaction device.

## II.

■■ We also conclude that the jury's verdicts finding defendant guilty of the controlled substance counts contain an inherent finding repudiating a mistaken belief of fact defense. Thus, we perceive no error in the trial court's refusal to give defendant's tendered affirmative defense instruction as to her asserted mistaken belief of fact.

Here, the seven controlled substance charges for which defendant was convicted were based on valium prescriptions that she

had called in for her husband and amphetamine prescriptions she had called in for herself. Defendant testified that the doctor specifically authorized her to refill the amphetamine prescription which had been originated for her by another physician. Defendant's husband testified that the doctor prescribed valium for him.

Defendant testified that she believed she had a right to call in the prescriptions pursuant to the office protocols established by the doctor. Although the doctor adamantly denied authorizing either of the controlled substance prescriptions at issue, he did testify that office personnel, including defendant, were authorized to call in refill prescriptions for controlled substances so long as the action was documented on the patient's chart.

Here, the relevant mental state was correctly defined for the jury in an instruction specifying that defendant was guilty of the charged offenses if she knowingly obtained a controlled substance by fraud, deceit, misrepresentation, or subterfuge.

Hence, once again by its finding of guilt under the instruction given, the jury necessarily repudiated defendant's claim that she acted based on a mistaken belief of fact. *See Dunton v. People, supra; People v. Cruz, supra.*

The judgment is affirmed.

KAPELKE, J., concurs.

BRIGGS, J., specially concurs.

Judge BRIGGS specially concurring.

I concur in the majority's analysis and its conclusion that, in the circumstances presented here, the trial court did not err in refusing defendant's tendered instructions on consent and mistake of fact as affirmative defenses. I write separately to address the confusion inherent in ever treating either consent or mistake of fact as an affirmative defense when invoked merely to negate an element of the crime charged.

An affirmative defense basically admits the doing of the act charged but seeks to justify, excuse, or mitigate its commission. *People v. Huckleberry,* 768 P.2d 1235 (Colo.1989); *see People v. Cruz,* 903 P.2d 1198

(Colo.App.1995)(Davidson, J., dissenting), *on remand following petition for certiorari,* 923 P.2d 311 (Colo.App.1996); *Black's Law Dictionary* 60 (rev 6th ed. 1990). Hence, even though the prosecution establishes each element of the offense charged beyond a reasonable doubt, the defendant cannot be found guilty unless the prosecution also disproves any additional questions of fact raised by the affirmative defense. *See* § 18–1–407, C.R.S. (1986 Repl.Vol. 8B); *COLJI–Crim.* No. 7:01 (1983); *People v. Huckleberry, supra.*

In contrast, the defenses raised by defendant in this case, consent and mistake of fact, do not require proof .or disproof of factual issues *beyond* those necessary to establish the offenses charged. They instead would *negate* the existence of one of the elements of each crime. Conversely, proof of each element of each of the offenses charged *negates* these defenses. For example, as the majority notes, proving that defendant acted "without authorization" necessarily disproves that defendant acted with consent. Likewise, proving that defendant knowingly obtained a controlled substance "by fraud, deceit, misrepresentation, or subterfuge" necessarily disproves that defendant was acting under a mistake of fact.

Currently, the language in §§ 18–1–505(4) and 18–1–504(3), C.R.S. (1986 Repl.Vol. 8B) refers to consent and mistake of fact generally as "affirmative defenses." Despite that choice of words, and despite our long-standing standard instructions incorporating those words, *see COLJI–Crim.* No. 7:02—7:05 (1983), I do not read § 18–1–505(4) or § 18–1–504(3) as requiring the trial court to instruct the jury that the defense of consent under § 18–1–505(1), C.R.S. (1986 Repl.Vol. 8B) or the defense of mistake of fact under § 18–1–504(1)(a), C.R.S. (1986 Repl.Vol. 8B) is a true affirmative defense, such as self-defense. *See* § 18–1–704, C.R.S. (1986 Repl. Vol. 8B); *COLJI–Crim.* Nos. 7:01 & 7:16 (1983); *see also People v. Fink,* 194 Colo. 516, 574 P.2d 81 (1978); *People v. Cruz,* 923 P.2d 311 (Colo.App.1996). Such an interpretation creates an inherent conflict between the treatment of affirmative defenses in all other aspects of criminal law, *see* §§ 18–1–407 & 18–1–701 through 18–1–710, C.R.S.

(1986 Repl.Vol. 8B), and the express treatment of the defenses of consent and mistake of fact in §§ 18–1–505(1) and 18–1–504(1)(a) as requiring proof that *negates* an element of the crime.

In my view, §§ 18–1–505(4) and 18–1–504(3) must therefore be construed as merely providing that a defendant may "affirmatively" assert the absence of criminal liability by virtue of the victim's consent under § 18–1–505(1) or as a result of mistake of fact under § 18–1–504(1)(a). In this sense, consent and mistake of fact are defenses—but not affirmative defenses—a treatment consistent with that of the Model Penal Code. *See Model Penal Code*, § 2.04 & 2.11 (1985); *see generally* 21 Am.Jur.2d *Criminal Law* § 141 (1981).

The result is that a trial court should not give an instruction in the form of *COLJI–Crim.* No. 7:01, which generally defines "affirmative defense," if the defense asserted is consent under § 18–1–505(1) or mistake of fact under § 18–1–504(1)(a). Nor should a trial court ever give an instruction in the form of *COLJI–Crim.* No. 7:02 or No. 7:04 as currently written, which treat these particular statutory defenses as affirmative defenses. *Cf. People v. Nunez*, 841 P.2d 261 (Colo.1992); *People v. Fink, supra.*